BROADRUP (BLAGDEN v.). See Case No. 18,238.

BROOKE (DARRELL v.). See Case No. 18,287.

BUNTING (BLOOMER v.). See Case No. 18,242.

# C.

## Case No. 18,245.

### CALDWELL v. WINDER.

[2 Hayw. & H. 24.] [1]

Circuit Court, District of Columbia. Dec. 17, 1850.[2]

MECHANICS' LIENS — EXTRA WORK — APPLICATION OF PAYMENTS.

1. Under the lien law no extra work not completed within three months preceding the filing of the claim in the clerk's office is covered by the lien.

2. Under the rule that payments made by a debtor should be applied to the debt least secured, general payments by a debtor not directed by him to be applied to the contract specifically may be applied to the extra work, whether completed within the three months or not, provided such extra work was completed and the money due for it.

[At law. Scire facias under lien law.]

This action, under the act of March 2, 1833, was commenced by serving on the defendant the following writ: "District of Columbia, the United States of America, to wit—To the Marshal of the D. C., Greeting: Whereas, a certain Andrew D. Caldwell did, on the 9th day of March, A. D. 1849, file in the clerk's office of the circuit court of the D. C., for the county of Washington, his certain account or claim against a certain William H. Winder, amounting to the sum of $14,586.39, for lumber and other material furnished at his request, and used by him in and about the construction and erection of a certain building or house erected by him on lots 1, 2, 3, the east half of lot 4, and the north half of lot 22, in square 169, according to the original plan, and being lots 1, 2, 3, 4, 17, 18 and 19, according to Davidson's sub-division of said square in the city of Washington, in the District aforesaid; in pursuance of the act of congress of the United States, entitled 'An act to secure to mechanics and others payment for labor done and material furnished in the erection of buildings in the D. C.' [4 Stat. 659], which said account has been enrolled among the records of said court, by the record thereof in the office of the clerk of the said court, remaining manifestly appears, and the said Andrew D. Caldwell alleges that the said sum of $14,586.39 is still due and unpaid, and that judgment remains to be rendered upon the account and record aforesaid. Therefore you are hereby commanded that you make known unto the said William H. Winder, according to the act of congress aforesaid, that he be and appear before the circuit court of the D. C., to be held for the county aforesaid at the city of Washington, on the fourth day of March, inst., to show cause, if any he hath, why the said court ought not to render judgment for the sum of $14,586.39 aforesaid, according to the force and effect of the said act of congress; and further to do what the said court shall then and there consider concerning him in this behalf, and have you then and there this writ, and make return of the manner in which you shall have executed the same. Hereof fail not, as you will answer the contrary at your peril. Witness the Hon. Wm. Cranch, chief judge of our said court, at the city of Washington, the 20th day of March, A. D. 1849. Issued this 20th day of March, 1849. John A. Smith, Clerk."

The following was filed by the counsel of the

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[2] [Reversed in 14 How. (55 U. S.) 434.]

defendant: "Take notice that the above named defendant, not admitting the existence of any claim against him of the above named plaintiff, or a due performance of any part of the contract filed by the said plaintiff in the clerk's office, will give in evidence and insist that the said plaintiff did not perform and furnish certain work and material called for by the said contract, whereby the benefits stipulated for by the said defendant was not received; that among other things, the said plaintiff did not perform the work or furnish the material for the items mentioned in the annexed account, and that the said defendant will set off and allow so much of the amount of the said account against any demand of the said plaintiff to be proved at the said trial, as will be sufficient to satisfy and discount said demand, according to the statute in such case made and provided. And further take notice, that the said defendant will give in evidence and insist that there were defects in the said work and materials and delay in the execution and furnishing of the same, as called for by the said contract; that said delay was for a period of not less than one month, and that the sum of twenty-five dollars per day therefore ought to be deducted from any demand of the plaintiff, to be proved at the said trial. Dated 20th day of November, 1850." Notice of plea set off.

Whereupon the said defendant, by his counsel, filed in court here a paper purporting to be a notice of set off, which is in the words and manner following, to wit: "Take notice that the above named defendant, on the trial of this cause, will give in evidence, and insist that the above named plaintiff, before and at the time of the commencement of this suit was, and still is, indebted to the said defendant in the sum of $9,000, for money by the defendant before that time paid, laid out and expended for the plaintiff by the defendant, on account of and on behalf of the said plaintiff, under his contract as aforesaid and at his special instance and request; and further, that certain portions of the work required by said contract and specifications and plans, to the amount of $—— had been, by the direction of said plaintiff, and of his benefit, dispensed with in the progress of the building; wherefore he, said defendant, claimed the right to rebate the same from the contract price for the said building, and that the said defendant will set off against the said plaintiff, on said trial, so much of the said $9,000, and of the value of the work so rebated against, any demand of the said plaintiff, to be proved on the said trial, as well as be sufficient to satisfy and discharge such demand, according to the form of the statute in such case made and provided. March 20, 1850."

Bradley & Smith, for plaintiff.
Walter D. Davidge, for defendant.

THE COURT'S instructions:
When a debtor owes on two accounts and makes a payment, he has a right to direct to which debt it shall be applied, and when so directed the application must be so made; when no such direction is made the creditor may apply it to which debt he thinks proper; if neither does so, before suit brought, the court and jury may apply it, and the rule then is to apply it to the debt which is the least secure. If however one only of the two debts is due, the application must be made to such debt. The court instructed the jury that no extra work not completed within three months preceding the filing of the claim in the clerk office was covered by the lien then. Can the jury apply any payment made by the defendant in the case to the payment of the claim for extra work not completed within three months as specified above? We think the jury can apply any of the general payments made by the defendant, not directed by him to be applied to the contract specifically, to the credit of any of the extra work, whether completed within the three months referred to or not, provided the jury shall be satisfied by the evidence that such extra work was executed, and the money due for it at the time such payments were made.

The following instructions were excepted to by the plaintiff: On the trial of this cause, the plaintiff, to maintain the issue on his part, joined, offered and read in evidence, without objection, the contract and specifications signed by the parties respectively, and gave evidence tending to show that said contract and specifications referred to certain plans of the building therein referred to, which had been prepared by Mr. Walters for the defendant, and upon which defendant had invited bids for the said buildings; and afterwards certain other plans, in addition to and in some respects modifying the said plans of said Walters, had been prepared by the direction of the defendant, under which modified plans, with certain alterations required by the defendant, the plaintiff did the work specified in said contract, and defendant took possession of said building before the said contract was fully completed, and rented out a portion of it, and hath continued to hold it to this time. He further gave in evidence to show that he did at the time request, and for the use and benefit of the defendant, furnish the material and do the work on said building, particularly set out in the account for extra work filed in said cause, and the value thereof; that the principal part of said contract work and of said extra work was done about and before the 1st of October, 1848, but the completion thereof was delayed to accommodate the defendant, and the contract work and part of the other said extra work was finished in February, 1849; and the claim for his lien on said building was filed by the said plaintiff in March, 1849, and rested. And thereupon the defendant prayed the court to instruct the jury as follows: If the jury shall believe, from the evidence aforesaid, that the work and material mentioned in the open account filed by the plaintiff in the clerk's of-

fice, and offered in evidence by him as extra work and material, were not done and furnished in part, or any part thereof was not done and furnished within three months before the filing of the claim in the clerk's office, then the plaintiff is not entitled to recover in this action for such work and materials claimed as extra work, or such part thereof.

The defendant then offered to give in evidence tending to show that certain portions of the work required by said contract and specifications and plans had been for his benefit and by his direction dispensed with in the progress of the said building, and claimed the right to rebate the same from the contract price for the said building, for the purpose of showing what work was actually done and what materials were actually furnished, so as to ascertain the extent of the plaintiff's lien on the building, and the plaintiff by his counsel objected thereto, and the court admitted the same. And thereupon the defendant offered to give in evidence, by Mr. Gilpin, who was the architect of the building, that after the said contract and specifications had been signed by the said parties, the said plaintiff admitted that he was, by that contract, bound to do the carpenter's work for flat ceilings in all the rooms of said building. The witness stated that the plaintiff, at the invitation of said defendant, made a bid in writing for the carpenter's work of said building, including all the material parts thereof, and afterwards defendant stated to witness that Mr. Downer had also bid in writing for said work, but he was higher than Mr. Caldwell and had given the contract to Mr. Caldwell. That there was a good deal of conversation and negotiation between them before the contract was signed, but he could not recollect any distinct or specific alteration from said bid. He did not know that the written bid of said Caldwell had been accepted by the defendant or became a part of the contract. There was, after the bids were made, much negotiation between the parties. It was also admitted that neither the contract nor the specifications refer to the plans, nor do the plans exhibit any such flat ceiling. And the plaintiff objected to the admissibility of said evidence, but the court overruled the objection and admitted the evidence.

The following instructions were excepted to by the defendant: And thereupon the defendant, to support the issue joined on his part, gave in evidence to prove that the said contract and specifications referred to a set of plans prepared by Mr. Gilpin, at the instance of the defendant. The defendant further gave evidence to prove that said plans were prepared by said Gilpin, at a time when the plaintiff was constantly with him; that they were fully explained to and understood by the plaintiff, and recognized by him as a part of said contract. The defendant further gave evidence to prove that portions of the work and material mentioned in the account or claim filed in the clerk's office as extra were not such, but were called for and required by

the said contract and specifications and plans, and that the prices for said work and materials claimed as extra were unreasonable and extravagantly high. The defendant further gave evidence to show that during the progress of the building certain portions of the work and materials called for by the said contract and specifications and plans were dispensed with at his instance, and with the assent and acquiescence of the plaintiff, and that certain other portions of said work and materials were not done and furnished, or procured to be done and furnished by the plaintiff according to the said contract, specifications and plans, and that to the omission thereof the plaintiff never at any time objected. The defendant further gave evidence to prove that sundry large sums of money, exceeding in amount $9,000, had been paid to the plaintiff for the work and material done and furnished under the said contract, specifications and plans, and then offered to show by competent witnesses that there was delay on the part of the plaintiff in the performance of his said contract; that said delay was not caused by or in any manner attributable to the defendant, and that in consequence of the plaintiff not being ready to put up his work according to said contract, delay was occasioned by him in the construction of said building of not less than three weeks, to the admission of which evidence so offered the plaintiff by his counsel objected, which objection the court sustained, and refused to allow the said offered evidence to be given to the jury.

At the further trial of this cause, and in addition to the evidence contained in the foregoing, which is made part hereof, the defendant gave evidence to prove that the plaintiff before, at and since the date of the said contract was, and has been a resident of the city of Philadelphia, and by occupation a contractor or undertaker for the construction of houses, and that the plaintiff performed no manual work upon or for the building against which the claim was filed, or in the erecting or constructing of the same, but that said work and labor were done and performed by mechanics and laborers employed by him and acting under the superintendence and directions of the plaintiff and his agent. The defendant further gave evidence to prove that a large portion of the materials found and provided for said building was not furnished for the same by the plaintiff, but by persons employed by him to find and provide the same for the said building. The defendant further gave evidence to prove that, with the exception of the work and material dispensed with and omitted as aforesaid, and of a portion of the work and materials claimed as extra, and admitted as such by the defendant, the work and materials done, found and provided for the said building were so furnished under and in pursuance of the contract, specifications and plans. The defendant further gave evidence to show that the work done and materials

found and provided for the said building, under said contract, specifications and plans were with the exception of the flooring of the balcony attached to said building done, found and provided before the 1st of October, 1848, and were then three months before the claim of the plaintiff's was filed in the clerk's office, and that the work and materials mentioned in said claim as extra or as additional were also, with the exception of the last item thereof, done, found and provided before the said 1st of October. And thereafter offered to prove, by competent testimony, that the work and materials done, found and provided upon and for the said building were defective in quality and character and far inferior in value to what said contract and specifications called for, to the admissibility of which offered evidence, or any part thereof, the plaintiff, by his counsel, objected, which objection the court sustained, and refused to allow the same, or any part thereof, to be given to the jury. At the further trial of this cause the defendant, in addition to the evidence contained in the foregoing, which is made part hereof, gave evidence to prove that the work and material before, and for the balance aforesaid, might have been completed but for the neglect and delay of the plaintiff, and finished as required by the said contract, specifications and plans in the month of November, 1849, and that all the work and material found and provided under the said contract, specifications and plans might have been fully performed and furnished, and the said agreement fully executed by the plaintiff, anterior to the 1st of December, 1849, but for the delay and neglect of the plaintiff. And therefore the defendant, by his counsel, prayed the court to instruct the jury, that if they shall believe from the evidence aforesaid that there was made and entered into between the plaintiff and defendant on the 8th of July, 1847, a special agreement, and that under and in pursuance of said agreement certain work and materials were done, found and provided by the plaintiff for the said building, then for such work and materials the plaintiff is not entitled to recover in this action. Which instructions the court refused to give, and to such refusal this defendant by his counsel excepts. And thereupon the defendant, by his counsel, prayed the court to instruct the jury that if they shall believe from the evidence aforesaid that the price agreed to be paid by the special agreement, offered in evidence by the plaintiff, was partly in consideration of the skill or superintendence of the plaintiff, then the plaintiff is not entitled to recover in this action the said contract price, or any part thereof, which instruction the court refused to give, and to such refusal the defendant, by his counsel, excepts. And thereupon the defendant, by his counsel, prayed the court to instruct the jury, that if they shall believe, from the evidence aforesaid, that the work and materials furnished under the special agreement aforesaid, and in addition thereto, and mentioned in the account filed by the plaintiff in the clerk's office or any part of said work and materials were, or was found, done or provided by third parties upon the personal credit of the plaintiff, and not upon the credit of the building against which the said account was filed, then the plaintiff is not entitled to recover in this action for such work and materials, or such part thereof, although the jury should further believe that the said work and materials, or such part thereof, were performed and furnished upon, and for the said building. Which instruction the court refused to give, and to such refusal the defendant, by his counsel, excepts. And thereupon the defendant, by his counsel, prays the court to instruct the jury, that if they shall believe, from the evidence aforesaid, that the claim of the plaintiff was filed in the office of the clerk of this court on the 9th of March, 1849, and that a portion of the work and material done, found and provided under the said special agreement, or as additional thereto, was not performed and furnished within the space of three months before the filing of the said claim, then for such portion the plaintiff is not entitled to recover in this action. Which instructions the court refused to give; and to such refusal the defendant, by his counsel, excepts. And thereupon the defendant, by his counsel, prayed the court to instruct the jury, that if they shall believe, from the evidence aforesaid, that a portion of the materials found and provided for said building were not found and provided for the same by the plaintiff, but by persons employed by him to find and provide the same for the said building, then for such portion the plaintiff is not entitled to recover in this action. Which instruction the court refused to give, and to such refusal the defendant, by his counsel, excepts. And thereupon the defendant, by his counsel, prayed the court to instruct the jury, that if they believe from the evidence aforesaid, that the plaintiff did, and performed himself no work or labor upon or for the said building, or in the erecting or constructing of the same, but that said work or labor was done and performed by mechanics and laborers employed and hired by him for the purpose, then the plaintiff is not entitled to recover for such work and labor in this action. Which instruction the court refused to give, and to such refusal the defendant, by his counsel, excepts. And thereupon the defendant, by his counsel, prayed the court to instruct the jury that if, upon the evidence aforesaid, they shall believe the same, the plaintiff is not entitled to recover for the work and materials, or any part thereof done, found and provided under the said special agreement. Which instruction the court refused to give, and to such refusal the defendant, by his counsel, excepts. That if the jury believe, from the evidence aforesaid, that the plaintiff has not fully executed and performed the said agreement entered into between him and the defendant, and so far as the same was not dispensed with by mutual

consent, or by the direction of the defendant, then the plaintiff is not entitled to recover in this action the said contract price, or any part thereof. Which instruction the court refused to give, and to which refusal the defendant, by his counsel, excepts.

And after the plaintiff and defendant respectively had given the evidence set out in the foregoing bills of exceptions, and thereupon made part hereof, and by leave of the court, and by way of rebutting evidence, the plaintiff gave evidence tending to show what the said plans of said Walter, copies whereof are hereto annexed, and the specifications hereinbefore set out were the only plans and specifications in existence, and were the only ones shown to plaintiff at the time he entered into his said contract; but it was understood by plaintiff that Mr. Gilpin was to make the plans for the execution of the work, and the said plans of said Gilpin were intended to carry out that understanding. He further gave evidence to show that he is a practical carpenter and house builder, and did actually, with his own hands, labor upon the said building in the progress thereof; that all the materials furnished and provided by him, and all the labor done in and about the said carpenter's work on said building were done and provided by him or on his credit, and under his direction and superintendence. Verdict for the plaintiff for $4,740, with interest, from March 9, 1849. Motions for a new trial and arrest of judgment. Motion for a new trial. Reasons: (1) Because of error or mistake of the jury in finding the said verdict without evidence. (2) Because of error or mistake of the jury in finding the said verdict against evidence.

Both motions overruled, and judgment rendered on the verdict.

[Reversed in 14 How. (55 U. S.) 434.]